IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LARAE MARIE HURT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MOUNTAIN VIEW PIZZA COMPANY,<br><br>　　　　　Defendant. | CV 21-119-BLG-SPW-TJC<br><br>**ORDER** |

Plaintiff moves for the admission of Josh Sanford (Doc. 6) to practice before this Court in this case with Eric E. Holm to act as local counsel.

*Pro hac vice* admission is governed by D. Mont. L.R. 83.1(d), which provides in pertinent part that the attorney seeking *pro hac vice* admission must file an affidavit attesting to various items enumerated at L.R. 83.1(d)(3).

L.R. 83.1(d)(3)(G) requires that the applicant's affidavit state:

> [W]hether the applicant has ever been held in contempt, otherwise disciplined by any court for disobedience to its rules or orders, or sanctioned under Fed. R. Civ. P. 11 or 37(b), (c), (d) or (f) or their state equivalent; the name of the court before which the proceedings were conducted; the date of the proceedings; and what action was taken in connection with those proceedings.  A copy of any such contempt, discipline, or sanction order must be included with the application[.]

1

While Mr. Sanford's affidavit provides that he was the subject of a "consensual caution" by Arkansas' Office of Professional Conduct in 2016, the motion fails to provide the name of the court before which the proceedings were conducted, the date of the proceedings, what action was taken in connection with the proceedings, and fails to include a copy of the order with the application as required by 83.1(d)(3)(G).  (*See* Doc. 6-1 at ¶ 6.)

Accordingly, IT IS HEREBY ORDERED that Holm's motion to admit Mr. Sanford *pro hac vice* is DENIED without prejudice.  Holm may resubmit the motion, provided the motion is in full compliance with L.R. 83.1(d)(3)(G).

DATED this 18th day of January, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge